**Alfred PAGE, Appellant,**

v.

**UNITED STATES of America,**
Appellee (two cases).

**Nos. 15195, 15196.**

United States Court of Appeals
Eighth Circuit.

June 25, 1959.

Alfred Page, pro se.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for the United States.

Before SANBORN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

PER CURIAM.

The Supreme Court on March 23, 1959, upon a petition of Alfred Page for a writ of certiorari, 359 U.S. 116, 79 S.Ct. 730, 3 L.Ed.2d 674, granted the writ and vacated the judgment of this Court denying him leave to prosecute an attempted appeal *in forma pauperis* from an order of the District Court denying his most recent motion under 28 U.S.C. § 2255 for the vacation of a sentence imposed upon him by that court, under which he is presently confined in the United States Penitentiary at Leavenworth, Kansas. The case was remanded to this Court "for further consideration, including reconsideration of petitioner's right to appeal *in forma pauperis* from his 1954 conviction on the basis of a transcript of the record at the trial." In determining what procedure this Court should adopt in order to fully comply with the directions of the Supreme Court, it is desirable to give the background of Page's case as shown by the files and records of the District Court and of this Court.

Alfred Page was, on July 1, 1954, tried and convicted upon his plea of not guilty to two indictments which were consolidated for trial. At his trial and until after he was sentenced, he was represented by counsel of his own selection, Mr. Sigmund M. Bass, of the St. Louis, Missouri, bar.

The first indictment against Page, filed April 7, 1954, District Court No. 27799, charged him, in three counts, with three violations of the Narcotic laws of the United States: (1) unlawful purchase of heroin (§ 2553(a), Title 26 U.S.C.); (2) unlawful sale of heroin on or about February 10, 1954 (§ 2554(a), Title 26 U.S.C.); and (3) the unlawful receipt and concealment of heroin on or about February 11, 1954 (§ 174, Title 21 U.S.C.). The second indictment, also filed April 7, 1954, District Court No. 27800, charged Page with the unlawful possession on February 11, 1954, of an unregistered sawed-off shotgun (§ 3261 (b), Title 26 U.S.C.).

The trial of Page took place before the Honorable Rubey M. Hulen, United States District Judge for the Eastern District of Missouri (now deceased), and lasted for one day. The jury found Page not guilty on the first count of indictment No. 27799 (purchase of heroin), but guilty of the other offenses charged in both indictments, unlawful sale of heroin, unlawful receipt and concealment of heroin, and unlawful possession of an unregistered sawed-off shotgun.

The sentencing of Page was deferred until July 30, 1954. On July 2, 1954, his counsel filed a motion for a new trial based upon the alleged insufficiency of the evidence and the denial by the trial judge of a motion to suppress as evidence the sawed-off shotgun.

The motion for a new trial was argued before Judge Hulen on July 30, 1954. The defendant was present in person and was represented by his counsel, Mr. Bass. The Government was represented by Mr. Boecker, an Assistant United States Attorney. A transcript of the arguments

of counsel in the files of the District Court shows that the only controversial question at the hearing related to the sufficiency of the evidence to sustain the conviction of Page on the third count of indictment No. 27799, charging concealment of heroin. We quote from the transcript as follows:

"The Court: Do you want to be heard on your motion for new trial?

"Mr. Bass: Well, your Honor, there is very little, I think, to say about that; I should like to say this though: that as I recall the evidence on the one count as to concealment, the officer testified that while defendant was under arrest he was ordered to hold his hands up, and the officer kept holding a gun on him, and while he was holding his hands up over his head he threw to the ground two or three capsules of narcotics. There was no evidence that at any time these capsules had been concealed; they may have been apparent in his hands, so far as the evidence showed. The only evidence pertaining to the capsules at this time was that they were thrown to the ground, where, of course, instead of being concealed, they were exposed. They didn't show whether he held the box lid or whether it was open, or where the capsules came from. There is no evidence that he had them concealed about his person. So that was the only matter I wanted to make any reference to."

After listening to the arguments of counsel as to the adequacy of the evidence to support Page's conviction under the third count of indictment No. 27799, and expressing doubt as to whether it established concealment of heroin, Judge Hulen said to Mr. Bass:

"Well, what do you have to say about the count on sale?

"Mr. Bass: I can't say much of anything, under the evidence, your Honor.

"The Court: Well, I think I will remove any question about it by letting the sentences on the two counts run concurrently.

"Mr. Bass: Satisfactory."

After some further discussion about the evidence relating to the charge of concealment under the third count in No. 27799, Judge Hulen overruled the motion for a new trial, and sentenced Page to five years imprisonment under each of the second and third counts in No. 27799, the sentences on those counts to run concurrently, and to five years imprisonment under the unregistered sawed-off shotgun charge in No. 27800, the sentence for that offense to be served consecutively to the sentences imposed under indictment No. 27799.

On August 9, 1954, Page, *pro se,* filed notices of appeal from the judgments and sentences of July 30, 1954, a separate judgment and commitment having been filed in each case, and a motion for leave to prosecute his appeals *in forma pauperis.*

Judge Hulen on September 16, 1954, denied Page leave to appeal *in forma pauperis,* but permitted him to file his notices of appeal and motions for leave to appeal as a poor person without prepayment of Clerk's fees. The Judge certified that the appeal "is not taken in good faith." The following day, without explanation, Judge Hulen filed an order —apparently in response to a motion of Page filed on August 17, 1954—directing the official court reporter to furnish Page, at Government expense, "one copy of the transcript of evidence and proceedings had on July 1, 1954." No transcript was ever prepared or furnished, and no reference to the failure to furnish it is made by Page in his subsequent proceedings in this Court.

On or about September 28, 1954, Page moved this Court for leave to prosecute his appeals *in forma pauperis.* On October 14, 1954, this Court permitted Page to file and docket his appeals without prepayment of Clerk's fees, but denied him leave to proceed further on appeal as a poor person, on the ground that there was no showing that the certificate of Judge Hulen that the appeals were

not taken in good faith was arbitrary or unwarranted. The Government, on November 4, 1954, moved to docket and dismiss the appeals for want of prosecution, no record on appeal having been filed or served. The motion was granted, and the appeals were dismissed on November 12, 1954.

Thereafter Page filed a number of motions for vacation of his sentences, under 28 U.S.C. § 2255. The motions were denied. The last of these motions was filed on March 17, 1958, and was addressed to Judge Weber, who had succeeded Judge Hulen after the latter's death. In this motion Page asserted that the evidence against him at his trial was illegally obtained; that he had been subjected to "third-degree" tactics by the arresting officers; that he was held for five days before being arraigned before a United States Commissioner, during which time he was abused and questioned; that Judge Hulen was mentally incompetent to sit as a trial judge;[1] and that a motion to suppress evidence should have been granted.

Judge Weber, on March 28, 1958, denied the motion of Page to vacate the sentences of July 30, 1954, saying:

"The Court has considered the pending motions and an examination of the files and records in the case, including proceedings instituted herein by the defendant following conviction, shows conclusively that the defendant is entitled to no relief. From our examination, we find that the defendant is entitled to no relief under the present motion and that the same is without merit.

"It Is Therefore Ordered that the said motion be and the same is hereby overruled."

On April 21, 1958, Page lodged a notice of appeal from the order of Judge Weber, and filed a motion for leave to appeal in forma pauperis. Leave was denied by the District Court on April 29, 1958, Judge Weber certifying that the appeal "is not taken in good faith and is without merit and the Court is satisfied that same is frivolous." Page was not granted leave to file a notice of appeal without prepayment of Clerk's fees.

On May 16, 1958, Page applied to this Court for leave to proceed on appeal in forma pauperis from the order of Judge Weber. On June 2, 1958, leave was denied for lack of jurisdiction. Page petitioned for a rehearing of his motion, which this Court declined to entertain. His appeal from Judge Weber's order was never docketed in this Court. Page then petitioned the Supreme Court for certiorari and leave to proceed in forma pauperis.

The Supreme Court requested the Solicitor General to file a response to Page's petition, and to discuss therein "what transpired when petitioner attempted to appeal to the Court of Appeals from his conviction in 1954." The Solicitor General filed a response, stating in detail what had transpired in Page's case, and also furnished certified copies of documents contained in the files of the District Court and the files of this Court relating to Page's appeals from his original conviction, and to his present motion to vacate sentence. Whether the Solicitor General obtained and furnished the Supreme Court a certified copy of the transcript of the arguments which took place at the hearing on July 30, 1954, of Page's motion for a new trial, does not appear, but we shall assume that the Supreme Court was made aware of such transcript.

The Solicitor General, in his response, stated that Page's allegations in his motion to vacate sentence presented no issues cognizable on collateral attack; that Page was mainly challenging the validity of the trial court's denial of his motion to suppress evidence and the sufficiency of the evidence to sustain his conviction, which could be reviewed only on appeal from the judgment and sentence of July 30, 1954.

The Solicitor General called attention to the fact that, while Judge Hulen had on September 16, 1954, denied Page

1. Judge Hulen up to the day of his death was one of the outstanding trial judges in this Circuit.

leave to proceed on appeal *in forma pauperis,* and had certified that his appeal was not taken in good faith, the Judge on September 17, 1954, on motion of Page, entered an order directing the court reporter to furnish him with a transcript of the evidence and proceedings at the trial, at the expense of the Government; and that this order has neither been vacated nor obeyed. The Solicitor General said:

> "In view of this special circumstance, we think it would be appropriate to remand the case to the Court of Appeals for reconsideration in the light of the fact that the order requiring the transcript be furnished to petitioner has not been carried out. The Court of Appeals would, we believe, have authority to fashion the relief that may be appropriate under the circumstances."

The Solicitor General suggested "that the cause be remanded to the Court of Appeals for further consideration, including reconsideration of petitioner's right to appeal *in forma pauperis* from his 1954 conviction on the basis of a transcript of the record at the trial.

The order of the Supreme Court, 359 U.S. 116, 79 S.Ct. 730, 3 L.Ed.2d 674, reads as follows:

> "The motion for leave to proceed *in forma pauperis* and the petition for certiorari are granted. Upon consideration of the entire record and in view of the suggestions of the Solicitor General in his memorandum, the judgment of the United States Court of Appeals for the Eighth Circuit is vacated and the case is remanded to that court for further consideration, including reconsideration of petitioner's right to appeal *in forma pauperis* from his 1954 conviction on the basis of a transcript of the record at the trial."

Upon the remand of this case by the Supreme Court, the mandates of this Court which were issued upon the dismissal of Page's appeals from the judgments entered by Judge Hulen on July 30, 1954, were recalled.

This Court has received from Page a motion to appoint counsel "equal in number and qualified experience to that of counsel representing the government" at the hearing to be held pursuant to the decision of the Supreme Court. Page also asks that in the meantime he be released on bail pending the hearing. His application for bail is denied.

We gather that what the Supreme Court is mainly concerned about is whether, notwithstanding Judge Hulen's certificate that the appeals of Page from his conviction and sentences were not taken in good faith, this Court, in view of the subsequent—apparently inconsistent—order requiring that a transcript of the evidence and proceedings at Page's trial be furnished him at Government expense, and the possibility that he may have had some meritorious question for review, was justified in dismissing his appeals for want of prosecution, and whether this Court should have granted Page leave to prosecute them *in forma pauperis,* after having required the Government to furnish the transcript ordered by Judge Hulen.

To assist this Court in complying with the mandate of the Supreme Court, we direct the United States Attorney for the Eastern District of Missouri to procure, at Government expense, a transcript of the evidence and proceedings at the trial of Page on July 1, 1954, and to file one copy of such transcript with this Court, and to serve a copy on counsel appointed to represent Page.

We appoint Mr. Sigmund M. Bass and Mr. Morris A. Shenker, of the St. Louis, Missouri, bar—whose competency cannot be questioned—to represent Page in connection with his motion for leave to prosecute the appeals from his conviction *in forma pauperis,* notwithstanding Judge Hulen's certificate; and request them to see that the procedural requirements outlined by the Supreme Court in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, and Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060, are complied with. See, also,

Weber v. United States, 8 Cir., 254 F.2d 713; 256 F.2d 119; 257 F.2d 585, certiorari denied 358 U.S. 912, 79 S.Ct. 241, 3 L.Ed.2d 233. Counsel hereby appointed to represent Page are also requested to file with this Court, within 40 days after they have received from the United States Attorney a copy of the transcript of the proceedings had and evidence taken at Page's trial, a typewritten report pointing out in what respects, if any, the trial judge erred in certifying that the appeals of Page from the judgments and sentences imposed on July 30, 1954, were not taken in good faith, and what, if any, ruling of the trial court during the trial of Page on July 1, 1954, would be subject to review on appeal. A copy of the report shall be served upon the United States Attorney, who may have 20 days thereafter to file and serve a response.

The motion of Page for leave to prosecute in forma pauperis his appeals from his conviction, notwithstanding the certificate of the trial judge, shall be set for hearing at the session of this Court next following the filing of the report of Page's counsel and the response of the United States Attorney thereto.