Alfred PAGE, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 15195, 15196.

United States Court of Appeals
Eighth Circuit.

Dec. 23, 1959.

Morris A. Shenker, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

The previous history of these appeals is set forth in Page v. United States, 8 Cir., 268 F.2d 251. The matter is now before us for disposition of appellant's motion for leave to prosecute the appeals in forma pauperis, on a contention by his court-appointed counsel that the trial court was not warranted in certifying that the appeals were not taken in good faith.

The test to be applied to the trial court's certificate that an appeal is not taken in good faith, as against the right of an indigent defendant to have a judgment of conviction reviewed in forma pauperis, is whether some issue is sought to be presented by him which is not plainly frivolous in the situation. Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060.

"The * * * test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed.Rules of Crim.Proc. 39(a), 18 U.S.C.A., the request of an indigent for leave to appeal in forma pauperis must be allowed." Ibid.

Among the issues that appellant's court-appointed counsel seek to present in relation to his trial is whether evidence unlawfully obtained against an individual by state officers, without fed-

eral participation, is admissible in a federal prosecution of him.

We have previously held, in Jones v. United States, 8 Cir., 217 F.2d 381, and Costello v. United States, 8 Cir., 255 F.2d 389, that there is no bar to the admission of such evidence in a federal prosecution. The Supreme Court subsequently declared, however, in Benanti v. United States, 355 U.S. 96, 102, footnote 10, 78 S.Ct. 155, 158–159, 2 L.Ed.2d 126, that "It has remained an open question in this Court whether evidence obtained solely by state agents in an illegal search may be admissible in federal court despite the Fourth Amendment."

Now, certiorari has been granted by that Court upon the question in two cases pending before it, Rios v. United States, 359 U.S. 965, 79 S.Ct. 881, 3 L.Ed.2d 833, and Elkins v. United States, 80 S.Ct. 61. In this situation, we necessarily must recognize the question as being both unsettled and substantial, and as entitling appellant here to have it presented and considered in relation to his conviction.

This is a sufficient basis to require that we grant appellant's motion for leave to proceed on appeal in forma pauperis. We need not under the circumstances make examination of the other questions which appellant seeks to present. And since the two cases involve a single trial and record, we shall not for present purposes engage in a separate consideration of them. Such issues may be presented in the brief and on the hearing, in relation to either or both of the appeals, as are proper on the trial record, and as counsel for appellant deem to be substantial and not frivolous.

For purposes of enabling appellant to have his appeals so presented and heard, appointment is hereby made of Mr. Morris A. Shenker, of St. Louis, Missouri, as counsel for him, to prepare brief for him and also represent him on the hearing of the appeals. The cases will be heard upon the original papers and typewritten transcript, as heretofore lodged with the Clerk of this court, and upon typewritten briefs.

Appellant shall have until February 1, 1960, in which to serve and file such brief as his counsel may deem necessary or advisable, beyond that already lodged with the Clerk in connection with the present motion, and appellee shall have the regular rule time thereafter to make reply thereto.

The cases will be set for hearing upon the calendar of the regular session of the Court in March, 1960.