Woodrow Wilson GOFORTH,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6926.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1955.

Decided Feb. 2, 1955.

Henry C. Fisher, Asheville, N. C., for appellant.

Hugh E. Monteith, Asst. U. S. Atty., Sylva, N. C. (J. M. Baley, Jr., U. S. Atty., Marshall, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

 This is an appeal from a conviction and sentence under an indictment charging the transportation of fire arms in interstate commerce by a convicted felon in violation of 15 U.S.C.A. § 902(e). Appellant had been serving a term in prison upon a conviction of armed robbery. He had been released as upon parole under the "good time" provision of the statute and was under the supervision of the United States probation officer of the State of Michigan. He left that jurisdiction without permission and was admittedly a fugitive from justice within the meaning of 15 U.S.C.A. § 902(e). A warrant for his arrest was issued and placed in the hands of the Marshal for the Western District of North Carolina, who notified state officers within the District to be on the lookout for him and to arrest him. He was seen driving an automobile by state officers, who arrested him and as incidental to the arrest made a search of the automobile in which he was riding and discovered a pistol in the trunk. The arrest took place in Cherokee County, North Carolina. The car bore a Tennessee license, and the appellant, who gave a false name to the officers, stated that he had purchased the pistol in Polk County, Tennessee, although at the trial he claimed to have purchased it in North Carolina. The trial judge correctly held that the arrest of appellant was lawful, and correctly refused to suppress the evidence obtained upon the search made incidental to the arrest. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. He charged the jury correctly as to the law applicable in the case, specifically instructing them that to warrant a conviction they would have to find beyond a reasonable doubt that appellant transported the pistol from one state to another, and no exceptions were taken

to the charge and no additional instructions were asked. There was no error either in refusing to suppress the evidence or in instructing the jury, and the judgment and sentence appealed from will be affirmed.

Affirmed.