## FARLEY v. UNITED STATES.

No. 686, Misc.   Decided June 24, 1957.

Petitioner *pro se.*

*Solicitor General Rankin* for the United States.

PER CURIAM.

The petition for writ of certiorari is granted, as is the motion for leave to proceed *in forma pauperis.*

Petitioner was convicted of bank robbery in the United States District Court for the Eastern District of New York and sentenced to 20 years imprisonment.   Under 28 U. S. C. § 1915 he applied to the District Court for leave to appeal *in forma pauperis.*   Petitioner, who was assisted by court-appointed counsel in preparing his application, contended that the evidence was insufficient to justify

his conviction and that the trial court had committed reversible error by permitting the United States Attorney to ask him irrelevant and prejudicial questions about another criminal offense. Petitioner requested that the District Court make available a transcript of the trial record so he could substantiate his claimed errors. In reply the United States Attorney filed an affidavit asserting that the evidence was sufficient to sustain petitioner's conviction. However the affidavit did not directly controvert petitioner's claim that the prosecuting attorney had been allowed to inject irrelevant and prejudicial matter into the trial. Counsel for petitioner then filed an affidavit in answer supporting petitioner's allegation of errors.

The District Court refused the request for a transcript of the trial record and denied the application for leave to appeal *in forma pauperis* on the ground that the appeal was "not taken in good faith" because it was "frivolous and without merit" and "[t]he evidence amply supported the verdict." Petitioner then asked the Court of Appeals for permission to appeal *in forma pauperis* but that court denied his request indicating that his claimed errors were without substance. 242 F. 2d 338. And see 238 F. 2d 575.

As things now stand conflicting affidavits have been introduced concerning petitioner's contention of errors at the trial. If the allegations made by petitioner and his counsel are correct then it seems quite clear to us that his appeal cannot be characterized as frivolous. Before his allegation of errors can be accurately evaluated, however, to ascertain if they do have any merit he should be furnished with a transcript of the trial record—unless counsel can agree on a statement of the relevant facts or some other means are devised to make the minutes of the trial available to petitioner—so that he has an opportunity to substantiate his allegations and point out their significance and so that they can be appraised on a dependable

record.  Cf. *Johnson* v. *United States*, 352 U. S. 565.  In our judgment petitioner has not yet been afforded an adequate opportunity to show the Court of Appeals that his claimed errors are not frivolous so as to enable that court to review properly the District Court's certification that the appeal was in bad faith.  Accordingly the judgment below must be vacated and the case remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE CLARK and MR. JUSTICE HARLAN dissent.