**Isaac WEBER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

United States Court of Appeals
Eighth Circuit.

April 21, 1958.

Before GARDNER, Chief Judge, and SANBORN, Circuit Judge.

PER CURIAM.

The appellant has applied to this Court for leave to prosecute in forma pauperis his appeal from a judgment and sentence based upon the verdict of a jury finding him guilty under an indictment charging, in one count, an unlawful sale of narcotics in violation of 26 U.S.C. § 4705 (a), and, in a second count, the unlawful receipt and concealment of narcotics in violation of 21 U.S.C.A. § 174. He also asks for appointment of counsel, and for permission to be heard on the typewritten transcript and the original files of the District Court.

The trial court has certified that the appeal is not taken in good faith, and has furnished us with a memorandum, in support of the certificate, indicating

that the appeal is without merit and is frivolous.

The assertions of error in the appellant's application are: (1) the failure of the trial court to grant a request to separate the government's witnesses; (2) the denial of a motion for a verdict of acquittal "made at the conclusion of the government's evidence"; (3) the refusal to strike the evidence of Rencie McNulty [apparently the witness who testified to having purchased narcotics from the appellant]; (4) the refusal of the trial court to instruct the jury that an offense to which McNulty had entered a plea of guilty (but had not yet been sentenced), carried a maximum sentence greater than the minimum sentence. The appellant also asserts in his application that the verdict is against the weight of the evidence.

The applicable provisions of 28 U.S.C. § 1915—headed "Proceedings in forma pauperis"—read as follows:

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

If it were not for the decisions of the Supreme Court in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed. 2d 593, and Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (see, also, Edwards v. United States, 355 U.S. 36, 78 S.Ct. 124, 2 L.Ed.2d 72), we would be of the opinion that the appellant's application should be denied without further proceedings. There is no showing that the certificate of the trial court was arbitrary or unwarranted or not in good faith. See Wells v. United States, 318 U.S. 257, 259, 63 S.Ct. 582, 87 L.Ed. 746.

The Supreme Court in the Johnson case said (at page 566 of 352 U.S., at page 551 of 77 S.Ct.):

"* * * Of course, certification by the judge presiding at the trial carries great weight but, necessarily, it cannot be conclusive. Upon a proper showing a Court of Appeals has a duty to displace a District Court's certification. Moreover, a Court of Appeals must, under Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, afford one who challenges that certification the aid of counsel unless he insists on being his own. Finally, either the defendant or his assigned counsel, must be enabled to show that the grounds for seeking an appeal from the judgment of conviction are not frivolous and do not justify the finding that the appeal is not sought in good faith. This does not require that in every such case the United States must furnish the defendant with a stenographic transcript of the trial. It is essential however, that he be assured some appropriate means—such as the district judge's notes or an agreed statement by trial counsel—of making manifest the basis of his claim that the District Court committed error in certifying that the desired appeal was not pursued in good faith. See Miller v. United States, 317 U.S. 192, 198, 63 S.Ct. 187, 190, 87 L.Ed. 179.

"Since here the Court of Appeals did not assign counsel to assist petitioner in prosecuting his application for leave to appeal in forma pauperis and since it does not appear that the Court of Appeals assured petitioner adequate means of presenting it with a fair basis for determining whether the District Court's certification was warranted, the judgment below must be vacated and the case remanded to the Court

of Appeals for proceedings not inconsistent with this opinion."

Prior to the decision of the Johnson case it was generally believed that leave to proceed in forma pauperis, even from a judgment of conviction, was a priviledge and not a right. It had not been realized that an indigent appellant, applying for leave to prosecute an appeal in forma pauperis, was entitled to counsel to aid him in attempting to impeach the certificate of the trial court that the appeal was not taken in good faith. Thus, in Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 877, it was said:

"* * * There is in the statute no word of limitation, which gives or suggests power in an appellate court to disregard the certificate. Congress chose, thus, to make such a determination final. This was permissible legislative action. An appeal in forma pauperis is a privilege, not a right; no requirement of due process is involved. If Congress had intended that appellate courts should exercise supervisory power in such circumstances it would have used appropriate language for that purpose as it did, for example, in the statutory provision for granting bail on appeal. * * *"

See, also, Taylor v. Steele, 8 Cir., 194 F.2d 864; Higgins v. Steele, 8 Cir., 195 F.2d 366, 367–369; and Parsell v. United States, 5 Cir., 218 F.2d 232, 235, 236.

The appellant's challenge of the trial court's certificate is only such as may be inferred from his application to this Court for leave to proceed in forma pauperis, notwithstanding that certificate. We do not, of course, have a typewritten transcript of the evidence and proceedings at the trial, nor the trial judge's minutes, nor an agreed statement of the case by trial counsel. From a reading of the application of the appellant and the memorandum of the trial judge, we have no reason to suspect that the appeal presents any substantial questions for review.

We shall, however, appoint Mr. Harry N. Fisher, of the St. Louis, Missouri, bar, who represented the appellant at his trial, to represent him in this Court in connection with his application for leave to prosecute this appeal in forma pauperis, and to see "that he be assured some appropriate means—such as the district judge's notes or an agreed statement by trial counsel—of making manifest the basis of his claim [if any] that the District Court committed error in certifying that the desired appeal was not pursued in good faith."

Since this was, apparently, the usual narcotic case (made by Federal Narcotics Agents through the use of an informer drug addict), presenting the ususal issues, tried in the usual way upon evidence typical of such cases, it should not be difficult for trial counsel to agree upon a statement of the case.

Counsel hereby appointed to aid the appellant is requested to procure, if possible, such an agreed statement, and to file it, together with a typewritten report, with the Clerk of this Court on or before May 9, 1958, pointing out in what respects, if any, the District Court erred in certifying that the appeal was not taken in good faith. A copy of the report will be served on the United States Attorney who may, if so advised, furnish a typewritten response thereto. A hearing upon the appellant's application will be set before this Court, at its courtroom in the United States Courthouse and Customhouse, in St. Louis, Missouri, on May, 13, 1958, at 9:00 o'clock A.M.

The Clerk will furnish appellant's counsel and the United States Attorney with a copy of the District Judge's memorandum in support of his certificate; and will file, without prepayment of costs, the appellant's application, the report of his counsel with respect thereto, and any supporting statement or brief.