Isaac WEBER, Appellant,

v.

UNITED STATES of America, Appellee.

United States Court of Appeals Eighth Circuit.

Aug. 13, 1958.

Harry N. Fisher, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before SANBORN, JOHNSEN and MATTHES, Circuit Judges.

PER CURIAM.

This Court, on May 28, 1958, denied an application of Weber, an indigent appellant, for leave to proceed on appeal in forma pauperis from the judgment and sentence imposed on him after he had been tried and convicted. Weber v. United States, 256 F.2d 119. The denial was based upon the conclusion that the certificate of the trial judge that the appeal is not taken in good faith and is without merit was not arbitrary, unwarranted or erroneous. This conclusion was reached after a full hearing on Weber's application.

We had procured from the trial judge a memorandum in support of his certificate; had appointed counsel to represent Weber for the purpose of enabling him to demonstrate, if he could, that the trial court's certificate was erroneous (Weber v. United States, 254 F.2d 713); had before us an agreed statement by trial counsel of the proceedings at the trial; and had the benefit of counsel's briefs and oral arguments. We were endeavoring to comply fully with the teachings of Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, and Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, and at the same time to accord some meaning to the provision of 28 U.S.C. § 1915 that "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

---

We are now confronted with a second petition by Weber for a rehearing of his application, based on the ground that Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060, decided May 26, 1958, requires that his application for leave to proceed in forma pauperis be granted. The language which it is thought compels that result is as follows (at pages 674–675 of 356 U.S. at page 975 of 78 S.Ct.):

"The Court of Appeals denied petitioner leave to appeal *in forma pauperis* a conviction for housebreaking and larceny. 101 U.S.App.D.C. 386, 249 F.2d 478. The Solicitor General concedes that leave to appeal should have been allowed unless petitioner's contentions on the merits were frivolous. The only statutory requirement for the allowance of an indigent's appeal is the applicant's 'good faith.' 28 U.S.C. § 1915, 28 U.S.C.A. § 1915. In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529. The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant, Fed.Rules Crim. Proc. 39(a), 18 U.S.C.A., the request of an indigent for leave to appeal *in forma pauperis* must be allowed."

Rule 39(a), so far as pertinent, reads:

" * * * The appellate court may at any time entertain a motion to dismiss the appeal, or for directions to the district court, or to modify or vacate any order made by the district court or by any judge in relation to the prosecution of the appeal, including any order fixing or denying bail."

There has been an occasional dismissal by this Court of a case for want of prosecution or for lack of jurisdiction, but we know of no instance of the dismissal of an appeal, argued and submitted to this Court, on the ground that it was frivolous. The Court has in the past, but very rarely, affirmed a conviction in a criminal case without opinion or by a per curiam opinion, if there was no question presented which merited discussion.

It is to be noted that in the Ellis case the indigent defendant was not considered to have been adequately represented by counsel, and the Government conceded that the issue presented in that case was not one that "can necessarily be characterized as frivolous." In the instant case the indigent appellant was vigorously represented by thoroughly competent counsel, who argued that the issues raised were not frivolous and that the trial court had erred in certifying that the appeal is without merit. The Government did not concede that there was any merit in any issue sought to be raised by the appellant.

Despite our entire willingness to decide all appeals in criminal cases upon the merits, whether frivolous or not, and whether taken by indigents or nonindigents, we have not felt at liberty, in view of 28 U.S.C. § 1915, to ignore the certificate of the trial court that an appeal taken by an indigent defendant is not taken in good faith and is frivolous. The trial judge thinks the instant appeal is frivolous, and has so certified. We think he *did not err in so certifying*. The appellant and his counsel think the appeal has merit and that the Government should bear the expense of its prosecution.

Since, in our judgment, the certificate of the trial court is not arbitrary, unwarranted or erroneous, we do not feel warranted in granting Weber's application to proceed in forma pauperis. His second petition for a rehearing is denied.