Alphonse **WARREN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. ——.

United States Court of Appeals
Eighth Circuit.

Feb. 10, 1959.

Before GARDNER, Chief Judge, and SANBORN, Circuit Judge.

PER CURIAM.

Alphonse Warren was sentenced **on** February 24, 1958, to twenty years im-

prisonment upon the verdict of a jury finding him guilty under an indictment in five counts which charged five violations of the laws of the United States proscribing the sale and possession of contraband narcotics. The sentence was well within the maximum term of imprisonment authorized by law for the offenses.

At his trial, Warren was represented by counsel appointed by the court. Since his conviction and sentence, he has acted as his own counsel. He has appealed from the judgment and sentence. He was permitted by the District Court to file his notice of appeal without prepayment of costs, but was denied leave to prosecute the appeal further in forma pauperis, the trial judge certifying in writing that the appeal is without merit and not taken in good faith. Warren now petitions this Court for leave to proceed here in forma pauperis, notwithstanding the certificate of the trial judge and the following provision of 28 U.S.C. § 1915(a):

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

We are confronted with virtually the same dilemma with which we had to deal in the case of Weber v. United States, 254 F.2d 713, 256 F.2d 119, 257 F.2d 585, certiorari denied 358 U.S. 912, 79 S.Ct. 241, 3 L.Ed.2d 233, namely, how to give some meaning and effect to the statutory provision quoted, without contravening the teachings of the Supreme Court in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529; and Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060.

We have the District Court's file, which contains a detailed statement by Chief Judge Duncan, the trial judge, in support of his certificate, showing what occurred at the trial. The statement indicates that this was a conventional narcotic case, made by government agents, through the use of an informer drug addict, against a peddler of contraband narcotics, who was apprehended with such narcotics in his possession.

We do not, of course, have a typewritten transcript of the evidence taken at the trial nor an agreed statement of the case by trial counsel. While we have reason to believe that Warren's appeal presents no substantial questions for review, we shall follow the course which we pursued in the Weber case and which we understand the Supreme Court regards as essential.

We appoint Sol M. Yarowsky, of the Kansas City Bar, who was Warren's trial counsel, to represent him in this Court in connection with his petition to prosecute his appeal in forma pauperis, and request Mr. Yarowsky to see that the procedural requirements specified in the Johnson, Farley and Ellis cases are complied with. He is also requested to procure, if possible, an agreed statement of the case by trial counsel, and to file it, together with a typewritten report, with the Clerk of this Court before April 1, 1959, pointing out in what respects, if any, the trial judge erred in certifying that the appeal of Warren is not taken in good faith. A copy of the report shall be served upon the United States Attorney, who, if so advised, may file, within 20 days thereafter a typewritten response. The appellant may file a reply to the response prior to May 1, 1959.

The appellant's petition for leave to proceed in forma pauperis, notwithstanding the certificate of the trial judge, will be set for submission to this Court at its May session in St. Louis, Missouri.