Alphonse **WARREN**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. ———.

United States Court of Appeals
Eighth Circuit.

July 7, 1959.

Sol M. Yarowsky, Kansas City, Mo. (appointed by the Court) filed a report on behalf of appellant.

Edward L. Scheufler, U. S. Atty., and Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo., filed a report on behalf of appellee.

Before SANBORN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This case is before us upon the petition of Alphonse Warren for leave to prosecute an appeal *in forma pauperis*, notwithstanding the certificate of the trial court that the appeal is not taken in good faith and the provision of 28 U.S.C. § 1915(a) that "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The judgment and sentence of Warren, from which he appeals, is based upon the verdict of a jury finding him guilty on all counts of a five-count indictment charging five offenses under the laws of the United States proscribing the sale and possession of contraband narcotics.

On February 10, 1959, in order to comply with the procedural requirements of Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, and Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L. Ed.2d 1060, we appointed Mr. Sol M. Yarowsky, of the Kansas City Bar, who had represented Warren at his trial, to represent him here upon his petition for leave to proceed on appeal as a poor person. 263 F.2d 263. We requested Mr. Yarowsky to see that the procedural requirements specified in the Johnson, Farley, and Ellis cases were complied with, and to procure, if possible, an agreed statement of the case and to file it together with a report, with the Clerk of this Court before April 1, 1959, pointing out in what respects the trial judge had erred in certifying that Warren's appeal was not taken in good faith.

We are grateful to Mr. Yarowsky for his willing and competent compliance with our request. He has furnished us with an agreed statement of the case by

trial counsel and a report in which he sets forth the controversial issues raised at the trial of Warren. Mr. Yarowsky concludes that, because of what he considers substantial questions as to the legality of Warren's arrest and of the seizure of evidence in connection therewith, the appeal was taken in good faith and that Warren should be given leave to prosecute it *in forma pauperis*.

■ The agreed statement of the case, however, bears out what the trial judge has set forth in his detailed memorandum in support of his certificate that the appeal is not taken in good faith and is frivolous. Without going into detail:—the evidence at the trial was that Warren, a long-time narcotics addict, sold contraband heroin to an informer for $70 in marked currency, furnished by federal narcotic officers who had been advised by the informer that Warren had solicited him to peddle heroin to be furnished by Warren; that after the informer had made a purchase of heroin from Warren and had so reported to the officers, they procured a warrant for the arrest of Warren and did arrest him in the apartment of the informer; that, upon the search of the person of Warren, $65 of the $70 of marked money was found on him, and a search of the apartment disclosed 125 grains of heroin concealed in a divan. It is obvious that, since the federal officers had reasonable cause to believe that Warren had sold narcotics to the informer and had narcotics in his possession, the arrest of Warren, with or without a valid warrant, was a lawful arrest, and that the search of Warren's person and of the apartment of the informer where Warren was found was not illegal. See Agnello v. United States, 269 U.S. 20, 24–25, 46 S.Ct. 4, 70 L.Ed. 145. The defenses of Warren were the usual defenses urged in like cases: entrapment; that the informer's character was such that he was not worthy of belief; that the defendant had the narcotics for his personal use, and made no sale; and that the marked money was received in payment of a debt. These issues were for, and were submitted to, the jury, which convicted Warren on all counts. We are satisfied that Warren's appeal is frivolous. Leave to prosecute it *in forma pauperis* is denied.