**Henry Floyd BROWN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16211.**

United States Court of Appeals
Eighth Circuit.

April 26, 1960.

———◆———

Edwin S. Baldwin, St. Louis, Mo., for appellant.

Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

The motion of Henry Floyd Brown seeking leave from this Court to appeal in forma pauperis from a judgment and sentence of imprisonment based upon his conviction on November 14, 1958, under an indictment charging a violation of § 902(e), Title 15 U.S.C.A. (the Federal Firearms Act), has been argued and submitted. The trial court has certified in writing that the appeal is not taken in good faith. This Court on September 25, 1959, entered an order providing for compliance with the procedural requirements specified in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, and Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. Mr. Edwin S. Baldwin, of the St. Louis, Missouri, Bar, was appointed by this Court to carry out the requirements of our order of September 25 and to assist Brown in demonstrating, if possible, that the certificate of Judge Weber, the trial judge, was arbitrary, unwarranted and erroneous, and that Brown's appeal is not frivolous. Mr. Baldwin has admirably carried out his assignment, and we are grateful to him for his services on behalf of Brown in this case.

Brown's motion has been submitted to us upon the original files of the District Court; an agreed statement of the facts of his case, certified to be correct by Judge Weber; a report and brief from Mr. Baldwin in support of Brown's motion; a response by the United States Attorney in support of the trial judge's certificate; and a transcript of a colloquy which occurred at the close of the trial between counsel for Brown, counsel for the Government, and the court, relating to Brown's previous convictions of crimes of violence.

The relevant facts may be stated briefly and substantially as follows: Brown on June 20, 1958, when arrested by three agents of the Federal Bureau of Investigation in a third floor room at 2026 Victor Street, St. Louis, Missouri, had, concealed in the waistband of his trousers, a loaded P–38 automatic pistol, serial number 8935–B. This gun was taken from Brown by an F. B. I. agent, marked for identification, and retained. On September 26, 1958, Brown was indicted for having violated 15 U.S.C.A. § 902(e) proscribing the interstate transportation of firearms by one previously convicted of a crime of violence. Brown was charged with the unlawful transportation, on or about June 20, 1958, of the gun found in his possession on June 20, 1958, from Iowa to Missouri and, at the time of transporting it, being a person who had been convicted in the United States District Court for the Northern District of Iowa, on or about February 5, 1952, of a crime of violence within the meaning of 15 U.S.C.A. § 901, namely, kidnaping.

Brown entered a plea of not guilty on October 2, 1958. He was represented by counsel. On October 24 he and his counsel filed a signed waiver of jury trial. The Government also waived trial by jury. The case was tried to the court on November 14, 1958. Uncontradicted evidence introduced by the Government

proved that Brown had purchased the gun specified in the indictment in April, 1958, from the Marion Sporting Goods Store in Marion, Iowa, for $45.00, and that it was the same gun that was found on his person when he was arrested in St. Louis, Missouri, on June 20, 1958. According to the agreed statement of facts, "A certified copy of the previous conviction of one Henry Floyd Brown, in the Northern District of Iowa, Western Division, for kidnaping and Dyer Act [28 U.S.C.A. § 2312], dated February 5, 1952 was introduced. * * *" It also appears from the agreed statement that on November 13, 1958, in another criminal case in which Brown was the defendant and which was tried before Judge Weber, Brown testified that he had been convicted of kidnaping in 1952 and sentenced to ten years imprisonment, and also of assault and robbery in Oregon. Judge Weber took judicial notice of this, it being a part of the records of his court. Brown offered no testimony in his defense. The judge, as the trier of the facts, found him guilty, and imposed a sentence of five years imprisonment.

■ Mr. Baldwin argues, in support of Brown's motion for leave to proceed in forma pauperis, that the evidence of the Government was insufficient to prove that Brown transported the gun described in the indictment from Iowa to Missouri. Mr. Baldwin concedes, as he must, that there was ample proof of its purchase by Brown in Iowa in April, 1958, and of its having been in Brown's possession on June 20, 1958, when he was arrested in Missouri. Mr. Baldwin in his brief says:

"In this case the gun was not stolen but was purchased for a fair consideration by the appellant. A gun is [a] small item which can be transported in many different ways, such as the mails, express, or on the person. The defendant in this case had been in St. Louis for three weeks when he was arrested so he had ample opportunity to have obtained the gun in a myriad of ways from Iowa, many of which would be inconsistent with the indictment he faced in this case."

This argument is ingenious, but, we think, clearly fallacious. This case bears no substantial resemblance to Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, nor to Kelly v. United States, 10 Cir., 246 F.2d 864. The Government did not rely on mere possession of the gun by Brown in Missouri to establish his transportation of it interstate. When a man buys a gun in one state and two months afterwards has the same gun on his person in another state, we have no doubt that it reasonably may be inferred that he has transported the gun from one state to another. In fact— and with all due respect to the ingenuity of Mr. Baldwin—we fail to perceive how, under the evidence in this case, Judge Weber could have reached any other conclusion than that Brown had, himself, transported his own gun from Iowa to Missouri. See and compare, Goforth v. United States, 4 Cir., 218 F.2d 820. Judge Weber was the trier of the facts, and his finding of guilt has the conclusiveness of a jury verdict.

■ Mr. Baldwin also argues that the evidence was insufficient to show that the Henry Floyd Brown who in 1952 was convicted of kidnaping in the United States District Court for the Northern District of Iowa, was the same Henry Floyd Brown who is the defendant in this case. Brown, who had been on trial before Judge Weber in another case a few days prior to the trial of the instant case, had testified that he was the Henry Floyd Brown who had been convicted of kidnaping. The record before us shows that trial counsel and the court were fully aware that Brown had previously committed crimes of violence. The evidence was ample to justify the conviction of Brown. It is our opinion that there is no color of merit in his appeal, that no issue has been presented which is not plainly frivolous, and that the appeal if taken by a nonindigent defendant would be subject to dismissal under Rule 39(a)

of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[1]

Brown's motion to proceed in forma pauperis, notwithstanding the certificate of Judge Weber that his appeal is not taken in good faith, is denied. His appeal is dismissed as frivolous.

---

1. We have not overlooked Brown's letter addressed to the Chief Judge of this Court, dated March 1, 1960, in which he says that he never agreed to be tried in the firearms case without a jury and that he had always wanted a jury trial in that case. Having signed and filed a waiver of jury trial, and having said nothing to Judge Weber—prior to or during the trial—about wanting to be tried by a jury, his letter presents nothing with which this Court may concern itself.