Henry Floyd BROWN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16211.

United States Court of Appeals
Eighth Circuit.

Oct. 5, 1960.

**622**

Henry Floyd Brown, pro se.

Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant seeks leave to file a petition for rehearing as to the matter covered by footnote 1, on page 207, of our opinion in Brown v. United States, 8 Cir., 277 F. 2d 204, 207.

That footnote stated: "We have not overlooked Brown's letter to the Chief Judge of this Court, dated March 1, 1960, in which he says that he never agreed to be tried in the firearms case without a jury and that he had always wanted a jury trial in that case. Having signed and filed a waiver of jury trial, and having said nothing to Judge Weber—prior to or during the trial—about wanting to be tried by a jury, his letter presents nothing with which this Court may concern itself".

■ The time which is allowed by our rules for filing a petition for rehearing has long since expired—the opinion having been filed on April 26, 1960, and our mandate thereon having been issued on May 17, 1960. Moreover, as indicated by the footnote, the question which is sought to be presented was never raised in the District Court and so does not have a right to be argued here.

But beyond this, it may be added—in order that appellant will not be led to engage in further vain pursuit in respect to the question—that what he sets out in his application for leave to file a petition for rehearing appears to be utterly without any substance or capacity to impeach the waiver of jury trial contained in the District Court files. That waiver bears the signatures of appellant, of his attorney, and of the Assistant United States Attorney who handled the case, and also an initialling by the District Judge in making approval of it.

■ Appellant does not question the genuineness of these signatures and apparently recognizes that he could hardly responsibly make any such challenge against the official array which the instrument contains. What he urges is, "I now have a photostatic copy of the waiver of jury trial which shows clearly that the case number has been altered". He seemingly wants to argue that indication of some erasure having occurred in the typing of the case number at the top of the instrument of waiver vitiates it or demonstrates that it was not intended to have application to the prosecution involved. The instrument, however, also bears the title of the case, and it furthermore represents the only possible proceeding in the District Court to which the signing of such a waiver by appellant could at the time have any application. In another prosecution against appellant, which preceded the trial of the one here involved, appellant had had a jury trial and had been convicted, so that the waiver necessarily could have no relationship to that case. See Brown v. United States, 8 Cir., 277 F.2d 201.

On all of the reasons above set out, it is ordered that appellant's application for leave to file a petition for rehearing be and hereby is denied.