**Chester L. MOHLER**

v.

**T. W. MARKLEY, Warden, U. S. Penitentiary, Terre Haute, Indiana.**

**No. TH 61-C-43.**

United States District Court
S. D. Indiana,
Terre Haute Division.
Aug. 30, 1961.

Chester L. Mohler, petitioner pro se.

Richard P. Stein, U. S. Atty., New Albany, Ind., by Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., for respondent.

STECKLER, Chief Judge.

Petitioner, an inmate in the United States Penitentiary, Terre Haute, Indiana, on June 21, 1961, filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq., together with a motion for leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. On July 1, 1961, the request for leave to proceed in forma pauperis was granted, however, the application for the writ of habeas corpus was denied, for the reason that the application on its face failed to state a claim, or grounds for jurisdiction for the court to issue the writ.

On July 17, 1961, the petitioner filed a notice of appeal. Although the notice was addressed to the Court of Appeals for the Seventh Federal Circuit, it will, nevertheless, be considered as though it were filed in conformity with Rule 73 (a), Fed.Rules Civ.Proc., 28 U.S.C. The notice was filed while the undersigned judge was away from the district court on vacation. In his absence the clerk of this court was confronted with the question of whether to prepare and certify the record on appeal without cost to the petitioner since the presiding judge was not present to act under Title 28 U.S.C. § 1915. This section, among other things, provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

On August 2, 1961, the respondent filed a motion for this court to issue an order denying the notice of appeal in forma pauperis on the ground that the appeal is not taken in good faith.

In his application for the writ of habeas corpus, the petitioner alleged that he believes he is entitled to the redress sought "upon the constitutional issues involved, to-wit: That said petitioner is being illegally restrained and detained of his life and liberty by the Warden, respondent of the U. S. Prison at Terre Haute, Indiana; That the illegal restraint and detention is by virtue of a judgment issued in and out from under the seal of the U. S. District Court of Illinois, at East St. Louis, Illinois; That such imprisonment is illegal by virtue of invasion by the Respondent upon the body of the petitioner in violation of the cruel and unusual punishment clause of the 8th Amendment to the Constitution of the United States of America." No factual allegations are alleged in support of the conclusion that the petitioner's imprisonment is "illegal by virtue of

invasion by the respondent upon the body of the petitioner."

In Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060, the Supreme Court stated in regard to "good faith,"—

"The only statutory requirement for the allowance of an indigent's appeal is the applicant's 'good faith.' 28 U.S.C. § 1915 [28 U.S.C.A. § 1915]. In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. Farley v. United States, 354 U.S. 521 [77 S. Ct. 1371, 1 L.Ed.2d 1529]. The good faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed.Rules Crim. Proc. 39(a) [18 U.S.C.A.], the request of an indigent for leave to appeal *in forma pauperis* must be allowed."

It has long been established, that in order to give a federal court jurisdiction to grant a writ of habeas corpus, it is not sufficient for the petition to allege generally that the petitioner is held in violation of the Constitution, or a law or treaty, but it must also set out the specific facts on which such allegation is based, which must be sufficient to sustain it if proved. In re Storti, C.C.Mass.1901, 109 F. 807, affirmed 1901, 183 U.S. 138, 22 S.Ct. 72, 46 L.Ed 120.

Even where facts are alleged, the Supreme Court has said:

"While it is the usual procedure on application for a writ of habeas corpus in the federal courts for the court to issue the writ and on the return to hear and dispose of the case, it may without issuing the writ consider and determine whether the facts alleged by the petition, if proved, would warrant discharge of the prisoner." Ex parte Quirin, 1942,

317 U.S. 1, 24, 63 S.Ct. 2, 9, 87 L.Ed. 3.

Where the allegations of the petition for writ of habeas corpus refer primarily to the treatment accorded the petitioner, but do not claim or establish the petitioner's illegal detention, no relief can be granted by way of habeas corpus. Snow v. Roche, 9 Cir., 1944, 143 F.2d 718, certiorari denied 323 U.S. 788, 65 S.Ct. 311, 89 L.Ed. 629. And where the petition states facts indicating that the petitioner is lawfully held in custody by prison authorities, but alleges that he has been mistreated by them, it does not pesent a matter within the jurisdiction of the court. Williams v. Steele, 8 Cir., 1952, 194 F.2d 32, rehearing denied 8 Cir., 194 F.2d 917, certiorari denied 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed 640. In that case, in its original opinion, the court citing numerous cases (194 F.2d at page 34), stated that since the prison system of the United States is entrusted to the Bureau of Prisons under the direction of the Attorney General, 18 U.S. C. § 4042, the courts have no power to supervise the discipline of the prisoners nor interfere with their discipline, but only on *habeas corpus* to deliver from prison those who are illegally detained. See also Powell v. Hunter, 10 Cir., 1949, 172 F.2d 330.

In Eagles v. United States ex rel. Samuels, 1946, 329 U.S. 304, 315, 67 S.Ct. 313, 319, 91 L.Ed. 308, the Supreme Court said, "The function of *habeas corpus* is not to correct a practice but only to ascertain whether the procedure complained of has resulted in an unlawful detention."

In view of these principles, and applying the test laid down by the Supreme Court in the Ellis case, supra, i. e.,—that unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant, the request of an indigent for leave to appeal in forma pauperis must be allowed,— this court concludes that the appeal here sought should not be allowed in forma pauperis because the issue raised is so plainly frivolous the appeal would be dis-

missed if it were in the case of a non-indigent. Accordingly, the court certifies that the appeal is not taken in good faith within the meaning of Section 1915, and, therefore, the costs and expenses thereof should not come from public funds.