Gary M. SCOBIE, Petitioner,

v.

The STATE OF OKLAHOMA, Respondent.

Civ. No. 5754.

United States District Court E. D. Oklahoma.

March 26, 1965.

Robert A. Layden, McAlester, Okl., for Gary M. Scobie.

Charles Owens, Asst. Atty. Gen., Oklahoma City, Okl., for the State.

DAUGHERTY, District Judge.

This case is a petition for a writ of habeas corpus filed by a state prisoner. Petitioner has exhausted his available state remedies without relief. Scobie v. Page, Okl.Cr.App., 397 P.2d 520. Petitioner was convicted in the District Court of Tulsa County, Oklahoma, of the offense of uttering a forged instrument after former conviction of a felony and sentenced to twenty-five years imprisonment. He was represented by the public defender of Tulsa County at the trial and on appeal. Timely notice of appeal was given, a case-made was obtained at state expense and delivered to the Public Defender as attorney for petitioner on his appeal. Petitioner did not at any time waive or give up his right of appeal. To the contrary, by letters to the Public Defender and the Trial Court, the petitioner insisted upon his appeal. In response, the Public Defender assured the petitioner that his appeal was being perfected and he believed that the conviction could be set aside or the sentence reduced. However, an appeal was not perfected. The Trial Court gave the petitioner his first information that his appeal had not been lodged and that his time to appeal had expired in reply to an inquiry from the petitioner.

This Court appointed counsel herein for the petitioner and held an evidentiary hearing on the habeas petition. The petitioner testified, as did the Public Defender.

From the evidence presented at this hearing it is not disputed that timely notice of appeal was given; the petitioner was an indigent and was so treated by the Trial Court; a case-made at state expense was timely presented to the Public Defender as attorney for the petitioner; the Public Defender acknowledged that he considered himself to be the attorney for the petitioner for an appeal; the petitioner requested an appeal and did not waive his right of appeal; the Public Defender alone made the decision not to lodge the appeal; this decision was not discussed with, concurred in, or re-

ported to the petitioner by the Public Defender. In other words, the Public Defender as appellate attorney for the petitioner on his own made the decision not to appeal, in the face of insistence on an appeal by his client, the petitioner.

 It is fundamental that where an appeal is allowed by law, one convicted of an offense is entitled to such an appeal as a matter of right. This does not mean, of course, that frivolous appeals may not be dismissed in the judgment of the court. 22 O.S.A. § 1051; Love v. State, 385 P.2d 512, (Okl.Cr. 1963); Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529; Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060; Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed. 2d 21; Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442. It is now clear that an indigent is entitled to the assistance of counsel on appeal. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

 In the case under consideration, the petitioner did not get the appeal he at all times desired. The State of Oklahoma does not resist the writ requested herein by pleading or proof that the appeal of petitioner is frivolous. His attorney, the Public Defender, deliberately failed or refused to lodge such an appeal and made the decision not to appeal on his own. We thus have a case in which a convicted and incarcerated person has been deprived of his right of appeal by his own attorney against his clearly expressed desire to have an appellate review of his conviction and sentence. It is not believed of significance that in this case his attorney was the Public Defender or Court appointed counsel since an attorney, however undertaking representation of an accused, is obliged professionally to do his utmost to protect his client's rights. If this statement is incorrect then it can only be said that the duty of a public defender or Court appointed attorney is in some way greater than would be expected from privately retained counsel.

We are then confronted with a case of counsel deliberately depriving his client of his absolute constitutional right of appeal against the wishes and without the consent of his client. The Oklahoma Court of Criminal Appeals denied relief to the petitioner on the ground that the appeal was not taken within the time schedule fixed by state laws for an appeal.

In Douglas v. People of State of California, supra, the United States Supreme Court condemned a California procedure which authorized the appellate court to decide from the record whether or not an indigent person convicted below would have counsel appointed to assist such indigent in perfecting his appeal. In Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, the United States Supreme Court determined that a defendant's constitutional rights (Fourteenth Amendment) were violated by a state procedure whereby the public defender was vested with exclusive power to determine whether a free transcript should be ordered for an indigent defendant after conviction. In Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, the United States Supreme Court held that a state could not deny an indigent convicted of a crime less than capital of a copy of the trial record at public expense for purposes of appeal. In Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269, the United States Supreme Court ruled that the State of Washington had deprived a convicted person of a constitutional right (Fourteenth Amendment) in that it denied him his right of appellate review because he could not afford to pay for the record of his trial. If state legislatures by statutes and state courts and state officials functioning under such statutes cannot deprive an indigent person of his rights, then how can his attorney do so? Obviously, an attorney should not be permitted by his singular decision to deprive his client of his constitutional right of appeal against his wish. In Fay v. Noia, 372 U.S. 391, at page 439, 83 S.Ct. 822, at page 849,

9 L.Ed.2d 837, at page 869, the United States Supreme Court in discussing the waiver of a known right, said:

"A choice made by counsel not participated in by the petitioner does not automatically bar relief. (To habeas corpus). Nor does a state court's finding of waiver bar independent determination of the question by the federal courts on habeas, for waiver affecting federal rights is a federal question."

It would appear correct to say that, having the right of appeal, the decision to exercise same is personal to the convicted person and does not reside in his counsel. Moreover, counsel cannot make the decision that an appeal is frivolous or not meritorious. This is for the judgment of the court. Ellis v. United States, supra.

Moreover, a defendant being entitled to counsel on appeal is entitled to the effective assistance of counsel on appeal. This is guaranteed by the Sixth Amendment to the United States Constitution. Under the record here it cannot be said that the petitioner had the effective assistance of counsel on appeal when such counsel alone improperly decides against perfecting an appellate review of the conviction and sentence.

With such conclusion it is apparent that the petitioner is confined and held by the State of Oklahoma without having received his constitutional right of appeal which he did not waive but insisted upon at all times. Justice requires that the petitioner be afforded this right out of time by the state with reasonable dispatch or else his release from custody must be ordered on the ground that he is unconstitutionally held in that he has been improperly deprived of his absolute right to appeal his conviction. See

Lane v. Brown, supra, and Chase v. Page, U. S. Court of Appeals, Tenth Circuit, 1965, 343 F.2d 167.

The Court is satisfied from the record presented that the representation of the petitioner by the Public Defender at the trial before the State District Court was not a mockery or farce due to incompetence which would warrant the conclusion that during such proceeding the petitioner was denied the effective assistance of counsel. Scott v. U. S., 6 Cir., 334 F.2d 72; Johnson v. U. S., 10 Cir., 333 F.2d 371.

This case is not considered to be one in which an appeal was not taken due to neglect, inadvertence or deception of counsel, but rather is considered to be a case where no appeal was taken due to the deliberate unilateral decision of the attorney for the accused not to so proceed in direct opposition to the wish of his client. Therefore, neither the case of Dodd v. United States, 9 Cir., 321 F.2d 240, requiring a showing of plain reversible error by the petitioner, nor the case of Desmond v. United States, 1 Cir., 333 F.2d 378, requiring that the Government show that an appeal would be futile, apply to the facts of this case.

Accordingly, this proceeding will be abated to allow the State of Oklahoma the opportunity to afford the petitioner an appellate review of his conviction and sentence with the trial record and a competent attorney provided him as an indigent person. If the conviction and sentence is affirmed this proceeding will be dismissed. If the State of Oklahoma indicates a refusal to afford an appellate review or fails to afford same with reasonable dispatch this proceeding may be revived upon application and order of this Court. It is intended that this order is appealable to the Court of Appeals.