**L. Lea NABKEY, Plaintiff,**

v.

**Benjamin F. GIBSON; John A. Smietanka; and Steve Peckeral, Defendants.**

**No. 1:89–CV–53.**

United States District Court, W.D. Michigan.

Oct. 19, 1990.

L. Lea Nabkey, Grand Rapids, MI, pro se.

Janice Kittel Mann, Asst. U.S. Attorney, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, for Benjamin F. Gibson.

Janice Kittel Mann, Asst. U.S. Attorney, Grand Rapids, MI, for John A. Smietanka, Steve Peckeral.

## OPINION

ENSLEN, Chief Judge.

This case is before the court on three motions: 1) defendants' August 15, 1990 Motion for Dismissal of Remaining Claims Against Defendants Smietanka and Pekrul[1] or in the Alternative Motion for Summary Judgment; 2) plaintiff's September 12, 1990 Appeal from Magistrate Rowland's Order denying plaintiff's motion to disqualify Judge Enslen; and 3) plaintiff's September 20, 1990 Motion for Sanctions. The only claims remaining in this case are a section 1985(2) claim and section 1986 claim against defendants Smietanka and Pekrul. The entire complaint against defendant Gibson was dismissed.

### Procedural Facts

Plaintiff, proceeding *pro se,* filed this complaint on January 19, 1989. She accused defendants of civil rights violations arising under "the United States Constitution and Title 28 USC 1343; Title 42 U.S.Code, Sections 1981 through 1988." Complaint at 1. Plaintiff sought $1 million in compensatory damages and $1 million in exemplary damages from each of the three defendants. The Court granted her *in forma pauperis* status.

■ Magistrate Rowland issued a Report and Recommendation on February 28, 1990 dismissing most of plaintiff's claims as frivolous under section 1915(d), 28 U.S.C.

§ 1915(d).[2] I adopted the Report and Recommendation, and plaintiff filed for an appeal, which was denied for lack of jurisdiction. Plaintiff filed a motion under Rule 54[3] for certification of the order adopting the Report and Recommendation and dismissing the claims. I denied that motion to avoid piecemeal appellate review and because no injustice would result from deferring the right to appeal until final judgment is entered. In the meantime, Magistrate Rowland attempted to arrange a status conference and decided to allow plaintiff to appear by conference phone.[4] Plaintiff objected, but did appear by phone, although she refused to participate.

### Background

This complaint arises out of an incident that occurred in the Grand Rapids federal building on November 8, 1988.[5] Plaintiff went to the building to obtain subpoenas in preparation for a separate civil rights action, No. G83–1155, she had instituted. The clerk informed her that Judge Gibson had directed that the clerks should not issue any subpoenas in her case. Plaintiff requested the clerk to telephone the judge, and the clerk advised her to take it up with Judge Gibson personally. According to plaintiff, she then proceeded up to the Judge's chambers where the secretary told her that the Judge was busy and, in any event, would not see parties separately. Plaintiff told the secretary that

1. Plaintiff spelled defendant Pekrul's name "Peckeral," but the government spells it Pekrul. Because in a motion for summary judgment, I must view the facts in the light most favorable to the plaintiff, I will use her spelling, except when referring to defendants' briefs.

2. Plaintiff claims that defendants are in default. Pursuant to § 1915(d), governing proceedings *in forma pauperis,* the Court was authorized to review and dismiss frivolous claims prior to service of process to defendants. Defendant Gibson, therefore, was not required to respond. Defendants Smietanka and Peckeral were not served with a summons until May 4, 1989, at which time a motion for reconsideration of the Court's adoption of the Magistrate's Report and Recommendation were pending. Defendants answered on June 30, 1989, the same day this Court adopted the Magistrate's Report and Recommendation without dismissing the remaining claims. I find they are not in default.

3. Fed.R.Civ.P. 54(b) provides in relevant part that "[w]hen more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *Id.*

4. Plaintiff requested that the conference be changed from March 7th until the end of March or the beginning of April due to her medical condition and the inclement weather. Letters, Feb. 4 & 16, 1990.

5. These facts are taken from plaintiff's February 26, 1990 Status Report and from Plaintiff's Reply and Objections to Defendants' Motion for Summary Judgment or Dismissal.

she had seen the Judge and U.S. Attorney Smietanka talk privately, so she had a right to a private meeting also. The secretary allegedly raised her voice. Plaintiff disregarded her and proceeded to go to the Judge's door and knock on it herself. When he responded, "Come in," plaintiff opened the door and began to make her request. Before he responded, security guards and other court personnel converged. Defendant Peckeral allegedly took her arm forcibly, causing her "pain and agony" and escorted her outside the building "like some big criminal." Peckeral did not allow her back in the building to retrieve some personal belongings.

It is unclear how Defendant Smietanka is related to this incident, if at all. Plaintiff accuses Smietanka of conspiring with Judge Gibson to defeat her in the separate civil action then pending before the Judge.

### Motion for Summary Judgment

Both parties have submitted affidavits and other evidence. Therefore, I will treat defendant's motion as a request for summary judgment pursuant to Federal Rule Civil Procedure 56.

### Standard

In reviewing a motion for summary judgment, this Court should only consider the narrow questions of whether there are "no genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ. Proc. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there are issues in dispute to be decided in a trial on the merits. *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987); *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986); *see Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir.1989).

A motion for summary judgment requires this Court to view " 'inferences to be drawn from the underlying facts ... in the light most favorable to the party opposing the motion.' " *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)), quoted in *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir.1989). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a *genuine issue for trial.*' " *Historic Preservation*, 896 F.2d at 993 (quoting *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356).

As the Sixth Circuit has recognized and heartily supported, recent Supreme Court decisions have encouraged the granting of summary judgments. *Historic Preservation*, 896 F.2d at 993 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Courts have noted that the summary judgment motion may be an "appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989) (quoting *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555). Consistent with the concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] positions will be insufficient." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. "Mere allegations do not suffice." *Cloverdale*, 869 F.2d at 937. "[T]he party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." *Id.*

### Discussion

Although there are issues of fact, they are not material to plaintiff's claims. Plaintiff has no legal grounds for which relief can be granted in this case. Plaintiff has done no more than assert broad accusations and fierce reprimands. Other than her own

testimony, she has proffered no evidence to support her claims.

Plaintiff apparently has no appreciation for the perspective of Judge Gibson and others in the federal courthouse who conduct daily business with many violent, unpredictable individuals. Security is a very high priority. Everyone conducting business in this setting must follow the protocols set up to ensure safety. When parties in a lawsuit have requests to make of the judge, they must comply with the procedures and channels they are advised to pursue, no matter how immediate they feel their need is. Though in retrospect, one might say that perhaps defendant Peckeral's (sic) treatment of plaintiff was somewhat more forceful than necessary, in the heat of the moment, he could not have been expected to have known that. All he knew was that someone had disregarded Judge Gibson's secretary and had gone and knocked on the Judge's door to gain access to the Judge without the secretary's permission. Plaintiff emphasizes she never entered his office, but only stood at his doorway. President Kennedy's assassin wasn't even within sight. Such behavior, no matter what the motivation, cannot be permitted in the judge's chambers. Forceful ejection is justified to communicate that rule.

Plaintiff emphasizes that Judge Gibson did not summon security or anyone else for assistance. However, defendants do not allege that the Judge himself summoned security. They allege that his secretary pushed the alarm button and then, pursuant to the Judge's request, she called the marshals. A non-judicial officer, who, at the direction of a judicial officer with absolute immunity, takes ministerial actions intimately related to the judicial process, also has absolute immunity. *Joseph v. Patterson*, 795 F.2d 549, 560 (6th Cir.1986). There can be little doubt that Judge Gibson has instructed his secretary to use the alarm button liberally to maintain security and order in his chambers and his courtroom.

Even if the doctrine of judicial immunity did not reach Defendant Peckeral, however, plaintiff's claims fail. Federal employees in Judge Gibson's chambers and in the federal courthouse are all charged with maintaining security. In a factually similar case, the Seventh Circuit has held that the conspiracy provisions of 42 U.S.C. § 1985(2)[6] do not apply to the actions of court officers acting under the direction of the judge for the purpose of maintaining order and security. *Skolnick v. Campbell*, 398 F.2d 23, 25 (7th Cir.1968). I agree. The purpose of § 1985(2) is to have a right of action against defendants who prevent one's access to court or who injure one because they have attended court. *Id.* That purpose has no application in this case where plaintiff sought on the spur of the moment a private meeting with the judge in his chambers.

Plaintiff's 42 U.S.C. § 1986 claim fails also. Section 1986 provides a cause of action against one who has failed to prevent a section 1985 conspiracy. If the section 1985 claim fails, so does the section 1986 claim. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir.1985); *Grimes v. Smith*, 776 F.2d 1359 (7th Cir.1985); *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir.), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 126, *reh'g denied*, 466 U.S. 954, 104 S.Ct. 2162, 80 L.Ed.2d 547 (1983); *Kaylor v. Fields*, 661 F.2d 1177 (8th Cir.1981).

Plaintiff has made no more than vague allegations against defendant Smietanka. Without more details and evidence to support her claim, it must, by law, fail.

Accordingly, I grant defendants' motion for dismissal of the remaining claims against defendants Smietanka and Pekrul or in the alternative, a motion for summary judgment.

### Disqualification

Plaintiff has filed a motion to appeal the magistrate's order denying her motion to disqualify Judge Enslen. The only reason plaintiff asserts for disqualification is

---

**6.** Section 1985(2) provides in relevant part that "if two or more persons ... conspire to deter, by force, intimidation, or threat, any party ... in any court of the United States from attending such court, or from testifying to any matter therein ..., or to injure such party ... in his person or property on account of his having so attended or testified, ... the party so injured or deprived may have an action for the recovery of damages." 42 U.S.C. § 1985 (1988).

that the Judge is a defendant in another lawsuit she brought in this District, No. 1:89 CV 1122. Plaintiff has instituted a civil rights action against all the federal judges in the Western District of Michigan. If this were sufficient reason to disqualify a judge, plaintiff, who admits that her physical condition is very poor and that she is essentially homebound, would be left with no federal court in which she could proceed. I conclude, therefore, that the doctrine of necessity applies preventing disqualification. *See U.S. v. Will,* 449 U.S. 200, 211–17, 101 S.Ct. 471, 479–82, 66 L.Ed.2d 392 (1980). Moreover, plaintiff cannot disqualify a judge simply by instituting an action against him. Plaintiff has submitted no particularized facts supporting a conflict of interest or bias. I thus affirm the Magistrate's order denying plaintiff's motion to disqualify.

### Sanctions

Plaintiff also seeks $500 in sanctions for defending this motion. Rule 11 sanctions are warranted if the motion was not "grounded in fact" or "warranted by existing law or a good faith argument." Fed.R.Civ.P. 11. Because I have granted defendants' motion, I also deny sanctions.

### Right to Appeal

█ The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.*

█ 28 U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). Defining the "good faith" standard applicable in this context, the Supreme Court has instructed:

7. In that case, the U.S. Supreme Court wrote that:
  Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords

In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.

*Crisafi v. Holland,* 655 F.2d 1305, 1306 n. 3 (D.C.Cir.1981) (citing *Farley v. United States,* 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1951)). Further, in "... determining whether a particular complaint is frivolous or malicious under § 1915(d), the threshold issue for the trial court is an assessment of the substance of the claim presented, *i.e.,* is there a factual and legal basis ... for the asserted wrong, however inartfully pleaded." *Crisafi,* 655 F.2d at 1307 (citing *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976)). Put another way, dismissal is proper under § 1915(d) where the legal theory or factual contentions lack an arguable basis. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).[7] For the reasons discussed in the context of this opinion, I find that an appeal of this action would not be in good faith.

judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.
*Id.*

