**James Luther HILL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16634.**

United States Court of Appeals
Eighth Circuit.

Sept. 26, 1961.

Joseph A. Bukaty, Kansas City, Kan., for appellant, James Luther Hill filed brief (typed), pro se, with alternative petition for writ of habeas corpus.

John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee, F. Russell Millin, Kansas City, Mo., on the brief.

Before SANBORN, MATTHES, and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment entered on January 29, 1960, sentencing James Luther Hill to four years' imprisonment. The judgment was based upon the verdict of a jury finding the defendant (appellant) guilty of having unlawfully possessed an unregistered sawed off shotgun in violation of 26 U.S.C. § 5851, as charged in a one-count indictment, to which he had entered a plea of not guilty. Upon his trial he was represented by counsel appointed by the Court.

The record evidence shows without dispute that close to midnight on November

16, 1959, the defendant was driving a Chevrolet automobile at an excessive rate of speed and without lights on Prospect Avenue in Kansas City, Missouri; that he had borrowed the car from William H. Salmon; that Larry Lee Germonprez was riding with him in the car; that the defendant was arrested by Kansas City police officers for his violation of the traffic laws; that he and his companion were first placed in the back seat of the police car and questioned; that there was a locked suitcase behind the front seat of the Chevrolet, which was transferred by the officers to the police car; that the defendant and his companion together with the Chevrolet were driven to a police station; that the defendant there stated that the suitcase was not his and that he did not have the keys to it; that the keys were discovered by the police officers on the floor of the police car near where the defendant had been seated while being questioned; that the suitcase was then opened and found to contain among other items the sawed off unregistered 12-gauge shotgun later referred to in the indictment.

The only controverted issue at the trial was whether the defendant possessed the suitcase and the unregistered shotgun. The defendant testified that he did not know who the suitcase belonged to; that he never saw it before he was stopped by the police; that the suitcase and none of its contents belonged to him; that the sawed off shotgun was not his. Under the evidence the issue of possession was clearly one for the jury, and was resolved by them adversely to the defendant by their verdict of guilty.

On this appeal the defendant asserts in substance (1) that he was denied the effective assistance of counsel because no motion was made prior to the trial to suppress the evidence of the Government and no motion was made during the trial to strike such evidence, and (2) that the trial judge made improper comments and highly inflammatory and prejudicial remarks during the trial.

The record completely fails to sustain these contentions of the defendant. He was represented by thoroughly competent counsel. There was no erroneous ruling, comment or remark made by the trial judge during the trial.

Our conclusion is that this appeal is without any merit whatsoever. The appeal is dismissed as frivolous. Mandate will issue forthwith.