Carroll ROBINSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17094.

United States Court of Appeals
Eighth Circuit.

June 25, 1962.

Douglas W. Thomson, St. Paul, Minn., made argument for appellant.

Edward Drury, Asst. U. S. Atty., Minneapolis, Minn., made argument for appellee.

Before SANBORN, BLACKMUN and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

Carroll Robinson has applied to this Court for leave to prosecute an appeal *in forma pauperis* from his conviction by a jury under a six-count indictment charging six separate violations of the laws of the United States relating to marihuana. Judge Nordbye, the trial judge, imposed a general sentence of ten years upon all six counts, which was the minimum sentence which could lawfully have been imposed. The defendant was permitted to file notice of appeal without prepayment of Clerk's fees, but was denied leave to prosecute the appeal at Government expense. Judge Nordbye, in deference to 28 U.S.C. § 1915(a), providing that no indigent appeal may be taken "if the trial court certifies in writing that it is not taken in good faith," and being convinced that the proposed appeal of the defendant was frivolous and not taken in good faith, denied his application to proceed on appeal at Government expense. This on January 17, 1962. Judge Nordbye's order, which explains fully his reasons for his action, reads as follows:

"The defendant in the above matter has filed a notice of appeal from the sentence and judgment thereon. The sentence of ten years was mandatory in that the defendant was a second offender. The Court imposed the minimum sentence under the law.

"The question is now presented as to whether or not the defendant should be permitted to appeal in forma pauperis. That he is indigent and unable to pay the costs of an appeal is not controverted. It may be noted that the petition of the defendant dated November 13, 1961, in connection with his motion for an order directing the court reporter to prepare a transcript and that the United States should bear the costs

thereof, and the showing made thereon, may be considered as an application to appeal in forma pauperis herein with the same force and effect as if the motion had been filed after the notice of appeal was filed on January 5, 1962.

"The Court is convinced, however, that the appeal is frivolous and is not taken in good faith. This case involves the transfer and sale of marihuana by the defendant to a government informer on April 4, 1961, which gives rise to the first, second and third counts of the indictment, and the transfer and sale of marihuana on May 5, 1961, which gives rise to the fourth, fifth and sixth counts of the indictment. According to the evidence, the sale and transfer was made in person by Robinson on each of these occasions to one Sanders, a special employee of the Government. Sanders positively identified Robinson as the man who had made the sale and transfer of marihuana to him on each of these occasions. Robinson was a well-known character to the police officers of Minneapolis and to the narcotic officers assigned to this District. There was credible evidence offered by these officers to the effect that on one of these occasions Robinson was the person who was seen transferring some object to Sanders. The latter was searched immediately before each of these occasions and no narcotics were found on his person or in his car. After the sale and transfer, Sanders on each of the occasions immediately came over to the officers and delivered to them the marihuana he contended he had purchased from Robinson.

"Robinson did not take the witness stand to deny the transfer and sale of marihuana to Sanders. His defense consisted of some evidence which bore upon the ability of the police officers to see the transaction which allegedly took place between Robinson and Sanders on the night of May 5, 1961. Consequently, the evidence before the jury presented a fact question as to whether Robinson was the person who sold and transferred marihuana to Sanders. The substance allegedly transferred to Sanders by Robinson was admittedly marihuana. Therefore, if the jury believed the Government's evidence as to the sale and transfer of marihuana to Sanders, the defendant under the evidence was guilty of the offenses set forth in the six counts. The evidence was conclusive that no order form was presented to Robinson by Sanders at the time of the sale and transfers as required by law. Likewise, the evidence was conclusive that no tax was paid on the transfers according to law. No evidence whatsoever was offered to overcome the presumption of the statute in this regard. Moreover, no evidence was offered to overcome the presumption that Robinson received, concealed and transported the marihuana unlawfully after it had been imported into the United States.

"Defendant's counsel urges error because the Court permitted the Goverment to introduce in evidence certain empty paper coin envelopes and cigarette paper found in the rooms occupied by the defendant as a result of the search made by the officers in connection with his arrest. These envelopes were identical with the envelope which contained the marihuana delivered to Sanders on April 4, 1961. Therefore, they constituted relevant evidence as to the offenses arising from the April 4, 1961, sale and transfer of marihuana. There was an utter absence of any showing that the search made as an incident to a lawful arrest was unreasonable. The marihuana involved in the sale and transfer on May 5, 1961, however, was contained in a small plastic bottle.

"Error is predicated in the motion for a new trial by the general statement that the Court erred in

charging the jury and in refusing to charge the jury as requested. Defendant's requested instructions and the transcript of the Court's charge to the jury are on file and are hereby made a part of the record in support of this order. It may be noted that no exceptions were made whatsoever to the Court's charge, although the defendant was allowed an exception to any failure on the part of the Court to grant defendant's requested instructions. An examination of the requests and the adverse rulings thereon will indicate that no substantial prejudicial error exists. The following observations may be made as to the requests which were not substantially covered by the Court's charge. As to request No. II, there was no evidence as to defendant's good character, and hence this request was overruled. As to request No. XXVIII, there was no evidence whatsoever as to marihuana growing in Minnesota or other States of the Union. And as to request No. XXX, which pertains to the definition of marihuana, there was no issue as to the identity of the substances allegedly sold and transferred to Sanders by Robinson.

"The Court is not unmindful of the problems presented to the Court of Appeals whenever the trial court denies an application to appeal in forma pauperis. However, the framers of the statute authorizing such an appeal must have contemplated that the trial court should examine each application with care, and if convinced that the appeal was without any merit and hence frivolous, an order denying the request should be entered. Obviously, a request to appeal in forma pauperis places the trial court in an unenviable position because in effect he is required to certify whether an indigent litigant should or should not be foreclosed from having an Appellate Court review the trial court record. However, where the trial court is convinced that the appeal is frivolous, and therefore is not taken in good faith, it would seem that there should be no hesitancy on the part of the trial court to so certify. Otherwise, every indigent defendant in a criminal case would feel free to apply for the right to appeal in forma pauperis knowing that, regardless of its merit, the Government and court-appointed counsel should be required to bear the burden of a futile appeal.

"My considered view is that there is an absence of any merit to the appeal of this defendant and that it should be characterized as frivolous and hence not taken in good faith. Therefore, I conclude that the petition should be in all things denied, except that the defendant may file his appeal without the payment of any Clerk's fees. It is so ordered."

Upon the filing of the defendant's application with this Court for leave to proceed on appeal as a poor person at Government expense notwithstanding the certificate of Judge Nordbye, we appointed Mr. Douglas W. Thomson of the St. Paul, Minnesota, bar, who was counsel for the defendant at his trial, to represent him here in furtherance of his application; to see that the procedural requirements specified in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, and Ellis v. United States, 356 U.S. 674, 78 S.Ct. 874, 2 L.Ed.2d 1060, were complied with; to procure, if possible, a statement of the case, agreed to by the United States Attorney; and to file it within forty days, accompanied by a report pointing out in what respects, if any, the trial judge had erred in certifying that the defendant's appeal was not taken in good faith.

This Court is indebted to Mr. Thomson for not only carrying out its request with meticulous care and competence, but also for coming to St. Louis, Missouri, at his own expense, to present oral argument

on behalf of the defendant. The agreed statement of the case which counsel procured gives an adequate picture of the proceedings at the trial and the names of the witnesses who testified, and the facts and circumstances leading up to the sale and transfer by the defendant of the marihuana in suit to Sanders, a Government informer, on April 4, 1961, and on May 5, 1961. The statement shows that the case against the defendant was made—as such cases are usually made—by the use of a paid Government informer, who, before he makes contact with the suspected drug peddler, is searched by Government officers, is then furnished money to make a "buy" of the contraband drug, is kept under observation so far as possible until he makes the "buy" from the peddler, and is again searched, and found without the money but with the drug. The Government procedure for obtaining evidence against those selling contraband drugs (including marihuana) is one with which every experienced federal trial judge is familiar, and which varies little from one case to another. Cf. Affronti v. United States, 8 Cir., 145 F.2d 3, 5–6. Such cases are essentially fact cases for the jury, and usually involve only the question whether the defendant was the person from whom the contraband drug was obtained.

Mr. Thomson argues on behalf of the defendant that there were questions raised at the trial which are worthy of review by this Court: (1) whether the officers—who, as incidental to their lawful arrest of the defendant under a warrant, obtained the coin envelopes introduced in evidence—observed all the legal proprieties necessary to make the envelopes admissible; (2) whether counts III and VI of the indictment should have been dismissed because based on 21 U.S.C.A. § 176a—reading in part:

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."—

which counsel believes creates an unreasonable and unconstitutional presumption; and (3) whether the court, in its instructions committed reversible error by saying to the jury:

"* * * Now, one of the chief characteristics of good government is the speedy and fearless administration of justice. It's not necessary for me to call to your attention that the illicit drug traffic is a nefarious business that strikes at the very foundation of our society and the human misery that is caused by the use of drugs and the offenses that sometimes follow in its wake, are too well known to all of you to require any further comment on my part.";

and adding, apparently after that statement was questioned:

"The law refers to marihuana as a narcotic drug. I make no comment as to what the effects may be upon a human system. There are drugs and there are drugs. Be that as it may, marihuana is referred to in the law as a narcotic drug, and I in no way attempted to infer what effect it may have upon the human body or the results that may arise by reason of the use thereof. I merely call it a narcotic drug because that is what the law calls it."

An examination of Judge Nordbye's comprehensive charge to the jury, his order which we have quoted, and the agreed statement of facts procured by defendant's counsel at our request, indicates to our minds that the Judge's appraisal of this appeal as plainly frivolous is correct.

That the defendant's arrest on the charges made against him was pursuant to a valid warrant is not questioned. The evidence procured by the officers in connection with the lawful arrest of the defendant was, of course,

admissible. Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652; Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543; Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145; Giordenello v. United States, 357 U.S. 480, 483, 78 S.Ct. 1245, 2 L.Ed.2d 1503; Draper v. United States, 358 U.S. 307. 310–311. 79 S.Ct. 329, 3 L.Ed.2d 327.

■ If it were to be assumed that some of the counts of the indictment were not sustainable because of an invalid presumption in the statute upon which those counts were based, that would be of no help to the defendant, since the sentence imposed on all counts is no more than the maximum punishment authorized by statute for conviction under any count. The conviction must be upheld if the defendant was properly convicted under any single count. Claassen v. United States, 142 U.S. 140, 146–147, 12 S.Ct. 169, 35 L.Ed. 966; Whitfield v. Ohio, 297 U.S. 431, 438, 56 S.Ct. 532, 80 L.Ed. 778; Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639; Barenblatt v. United States, 360 U.S. 109, 115, 79 S.Ct. 1081, 3 L.Ed.2d 1115; Kosmos v. United States, D.C.Cir., 296 F.2d 356.

There is nothing in Judge Nordbye's instructions to the jury that is justly subject to challenge, and nothing to which exception properly could have been taken. He was careful to explain to the jury fairly and impartially the claims of the parties; to analyze the evidence tending to support the respective claims; and to point out to the jury the facts that they must find in order to justify a verdict of guilty.

The situation then is this: Judge Nordbye is convinced that this appeal is frivolous. The record which we have before us is convincing that he was right in so certifying.

If it were not for the decision of the Supreme Court of April 30, 1962, in the case of Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21, we would, without any hesitation whatever, deny this application. It had been set for hearing before that case was decided, and counsel had no opportunity to consider or discuss it in briefs or argument.

In the Coppedge case, the Supreme Court, in vacating a judgment of the Court of Appeals for the District of Columbia denying an indigent leave to appeal from his conviction, has said (pages 447–448 of 369 U.S., page 922 of 82 S.Ct.):

"* * * The point of equating the test for allowing a pauper's appeal to the test for dismissing paid cases, is to assure equality of consideration for all litigants. The equation is intended to place the burdens of proof and persuasion in all cases on the same party—in these cases, on the Government. Since our statutes and rules make an appeal in a criminal case a matter of right, the burden of showing that that right has been abused through the prosecution of frivolous litigation should, at all times, be on the party making the suggestion of frivolity. It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. He is to be heard, as is any appellant in a criminal case if he makes a rational argument on the law or facts. It is the burden of the Government, in opposing an attempted criminal appeal *in forma pauperis*, to show that the appeal is lacking in merit, indeed, that it is so lacking in merit that the court would dismiss the case on motion of the Government, had the case been docketed and a record been filed by an appellant able to afford the expense of complying with those requirements. If it were the practice of a Court of Appeals to screen the paid appeals on its docket for frivolity, without hearing oral argument, reviewing a record of the trial proceedings or considering full briefs, paupers could, of course, be bound by the same rules. But, if

the practice of the Court of Appeals is to defer rulings on motions to dismiss paid appeals until the court has had the benefit of hearing argument and considering briefs and an adequate record, we hold it must no less accord the poor person the same procedural rights."

Whether this language means, in practical effect, that every indigent who is found guilty and sentenced in a federal court is entitled to appeal from his conviction at the expense of the United States even though his appeal is obviously frivolous, is what concerns us. If poverty alone entitles a defendant to an expense-paid review of the trial which led to his conviction, the question of whether the appeal was frivolous would not arise until the appeal had been perfected. Ordinarily this Court does not attempt to dispose of any appeal until that stage has been reached. We have, however, had no hesitation in dismissing paid appeals as frivolous whenever it has appeared that that disposition of them was warranted. Cf. Hill v. United States, 8 Cir., 294 F.2d 562, and Franano v. United States, 8 Cir., 303 F.2d 470 (opinion filed June 13, 1962).

Mr. Justice Clark, in his dissenting opinion—in which Mr. Justice Harlan joins—has this to say of the majority opinion in Coppedge (page 458 of 369 U.S., page 928 of 82 S.Ct.):

"Congress has provided that no indigent appeal may be taken 'if the trial court certifies in writing that it is not taken in good faith,' i. e., is frivolous. 28 U.S.C. § 1915(a) [, 28 U.S.C.A. § 1915(a).] With the opinion today the Court for all practical purposes repeals this statute by placing the burden on the Government to sustain such a certification rather than on the indigent to overturn it. *  *  *"

In denying leave to Coppedge to prosecute his appeal *in forma pauperis*, the Court of Appeals is said to have had before it "a complete transcript and extensive briefs filed by counsel." We gather that in that case, in order to demonstrate that the questions sought to be raised on appeal were frivolous, a transcript was necessary. In the instant proceeding, we do not, of course, have a complete transcript. In our opinion, we have enough of a record to enable us to determine that the questions the defendant raises are frivolous. We think that the Government has adequately sustained its burden of demonstration.

The appellant's application is denied. The appeal will be docketed without payment of Clerk's fee, and thereupon will be dismissed as plainly frivolous.